In re CHARLEY'S TOUR AND TRANSPORTATION, INC.,
Debtor.

**UNITED STATES of America, Appellant,**

**v.**

**John A. CHANIN, Trustee and Attorney for Trustee of Charley's Tour and Transportation, Inc., Appellee.**

**Cv. No. 91–00150 MP.
Bankruptcy No. 77–00362 (A).**

United States District Court,
D. Hawaii.

Aug. 14, 1991.

---

**238**

ORDER AFFIRMING THE BANKRUPT-
CY COURT'S JUDGMENT OF AU-
GUST 30, 1989 AND ITS ORDER DE-
NYING MOTION TO RECONSIDER

PENCE, District Judge.

## I. PROCEDURAL ISSUES

### A. Procedural Background

The bankruptcy court action that forms the foundation for this appeal is a Memorandum Decision Regarding Various Matters, filed July 3, 1989. In that decision, the bankruptcy court ordered certain compensation to Trustee John A. Chanin ("Chanin" or "Trustee") as (1) commissions due to him as trustee, and as (2) attorney's fees Chanin earned as counsel to the Trustee. In the same order, certain claimed compensation was denied. The Memorandum Decision specified that "[a] judgment will be signed upon presentment." CR 270 at 7.

On August 15, 1989, the Internal Revenue Service ("IRS") filed its Motion to Reconsider and to Clarify Memorandum Decision, relying on Bankruptcy Rule 9024. CR 272. Two weeks later, on August 30, 1989, the judgment based on the Memorandum Decision was entered. CR 274.

On July 2, 1990, the bankruptcy court entered its Order Denying Motion to Reconsider. CR 291. The IRS filed its Notice of Appeal on July 11, 1990, specifying that it was appealing the July 2 Order Denying Motion to Reconsider. CR 293.

### B. Legal Discussion

■ Chanin contends that the Notice of Appeal is untimely, since the notice must be filed within ten days of the entry of judgment. Bankruptcy Rule 8002(a). The judgment was entered on August 30, 1989, and the Notice was not filed until July 11, 1990.

The question then arises as to whether the pending Motion for Reconsideration was effective to toll the time for filing the Notice of Appeal. The IRS specified that it was bringing its motion under Rule 9024, which makes Civil Rule 60 applicable in bankruptcy court. This Rule unambiguously provides that a motion brought under it "does not affect the finality of a judgment or suspend its operation," Fed. R.Civ.P. 60(b), and it follows that such motion "does not toll the time for appeal from the final judgment." 7 Moore's Federal Practice, ¶ 60.30[1] (1983).

In contrast, a motion for reconsideration brought under Bankruptcy Rule 9023 (or the corresponding Civil Rule 59) *does* toll

the ten-day limitation for filing a notice of appeal until such time as the motion for reconsideration is ruled upon. It is noteworthy that neither Rule 59 nor Rule 60 specifically authorizes a motion "for reconsideration." Rule 59(e) provides for a "Motion to Alter or Amend a Judgment," and Rule 60 speaks of "Relief from Judgment or Order."

What becomes apparent from reviewing the IRS's Motion for Reconsideration is that, although it states that it is brought under Rule 9024 (i.e. Rule 60), it is at least as well, and probably better characterized as a Rule 9023 (i.e. Rule 59) motion. Indeed, the bankruptcy court treated it as the latter, discussing in its July 2, 1990 Order Denying Motion to Reconsider the standards for a Rule 59 motion, citing Rule 59 cases, and ruling based on that analysis.

The IRS's mischaracterization of its motion as a Rule 9024 motion, therefore, cannot be controlling. The bankruptcy court took it for a 9023 (or Rule 59) motion and treated it as a 9023 (or Rule 59) motion. Even the trustee, who opposed the motion, understood it to be a Rule 59 motion and briefed it as such. He opened his reply to the motion by stating:

> The Motion filed by the United States is essentially a request to the Bankruptcy Court to alter or amend its July 3, 1989, decision (and subsequently, the Judgment entered on August 30, 1989).

CR 280 at 1 (emphasis added), *compare* Fed.R.Civ.P. 59(e), entitled "Motion to Alter or Amend a Judgment."

Notwithstanding its self-reference as a 9024 motion, it appears that no one was fooled for a minute. The IRS's Motion for Reconsideration was universally recognized and treated as a 9023 or Rule 59 motion, and should continue to enjoy that status at this stage of review. *See Creative Data Forms v. Pennsylvania Minority Bus.*

*Dev.,* 72 B.R. 619, 622 (E.D.Pa.1985), *aff'd without op.,* 800 F.2d 1132 (3d Cir.1986) (treating a motion for reconsideration as a 9023 motion in order to preserve the appeal, where the relief sought was more akin to a 9023 motion, notwithstanding the fact that the motion stated Rule 9024 as its basis).

■ Because the Motion for Reconsideration is properly deemed a Rule 9023 motion, it is effective to toll the limitation for filing a notice of appeal. Bankruptcy Rule 8002(b); *see also In re Branding Iron Steak House,* 536 F.2d 299, 301 (9th Cir. 1976) ("It would be a waste of judicial resources to require that an appeal be filed when the granting of a pending motion to reconsider might eliminate the need for an appeal.").[1] Therefore, the Notice of Appeal, filed on July 11, 1990, nine days after denial of the Motion for Reconsideration, is timely and effective.

## II. SUBSTANTIVE ISSUES ON APPEAL

### A. *Substantive Background*

In 1978, Charley's Tour and Transportation, Inc. (the "Bankrupt") was adjudicated a bankrupt, and Chanin was appointed Trustee. The Trustee's original recommendation was an immediate liquidation, but it later became apparent that the Bankrupt's PUC license was not marketable and that creditors would get very little from a liquidation.

Later, the bankruptcy court authorized the appointment of special counsel for the Trustee to investigate the possibility of bringing an antitrust action on the Bankrupt's behalf against other tour companies in Hawaii. After an investigation, the special counsel recommended that cause existed for an antitrust action, but because the estate had no funds, it was recommended

---

1. The trustee has also raised the issue of the timing of the filing of the Motion for Reconsideration. The Rule 9023 motion had to be filed "not later than ten days after entry of the judgment." In fact, it was filed fifteen days *before* entry of the judgment, a full twenty-five days before the deadline, and must be deemed timely.

The trustee argues that filing the motion for reconsideration *before* the entry of judgment makes that motion procedurally defective, and deprives it of any tolling effect for purposes of appeal. There does not appear to be any legal, equitable, or logical support for this argument.

that the cause of action be abandoned, with the estate retaining percentage interest in any recovery. The bankruptcy court approved such abandonment on February 4, 1980, with the estate keeping a 20% interest in the net recovery, and with the proviso that attorneys' fees and costs incurred in the action "shall not be borne directly by the estate."

Chanin himself thereafter filed the antitrust action, acting as counsel to Plaintiff. He pursued that litigation for just over a year until, after conflict of interest issues were raised, other counsel was substituted in February 1981.

In the meantime, the Trustee continued to operate the Bankrupt in order to maximize the return in the event of a sale of the business, and at least in part to assist the prosecution of the antitrust action. No one objected to the continuation of the business, and Plaintiff's counsel in the antitrust suit felt that such continuation was essential.

In July 1981, Chanin submitted an application for attorneys' fees and costs, even though he had never been appointed counsel for the Trustee. At a hearing on September 4, 1981 on the fee application, the Chanin explained that it was necessary to keep the business going, and the court directed him to submit an order authorizing him to conduct the business of the Bankrupt. No fees were awarded at that time, and Chanin never submitted the requested order. In July 1982, Chanin *did* submit an application to reconvert the proceeding to one under Chapter XI, but nothing ever came of that.

In August 1986, Chanin's Office submitted an application to be appointed counsel for the Trustee, nunc pro tunc as of March 1, 1985. The bankruptcy court granted the application.

In February 1987 Chanin's Office filed its second application for fees, and in March the bankruptcy court approved fees

totalling $23,390.96. In May 1988 the bankruptcy court approved Chanin's third fee application, approving fees of $6,103.96.

Tax returns from 1978 to 1986 reflect that while under the control of the Trustee, the Bankrupt generated gross receipts of $5,068,544.00. However, operating costs consumed the bulk of this revenue and after a payment of administrative expenses totalling $317,196.15 in April 1989, only about $23,000.00 remained in the estate.

On July 3, 1989 the bankruptcy court entered its Memorandum Decision Re: Various Matters, addressing four separate applications of the Trustee. In that Memorandum Decision, the bankruptcy court denied the application for appointment of Chanin as counsel to the Trustee nunc pro tunc as of June 20, 1978, the court noting that it had already granted such nunc pro tunc appointment as of March 1985. Consistent with this, the bankruptcy court approved the fee applications for the periods since March 1985, and denied the requests for fees for the periods before that.[2]

The most controversial aspect of that Memorandum Decision, however, was that it permitted the Trustee to keep the overpayments he had already received from the estate (roughly $20,000.00), as well as whatever may be left in the estate (roughly $8,000.00) as commissions for his work *as Trustee.* It is undisputed that the Trustee never submitted any documentation to support a claim for compensation for work *as Trustee,* only fee applications for work *as counsel to the Trustee.* Nonetheless, the bankruptcy court observed that the Trustee is entitled to commissions up to a statutory maximum of, in this case, $101,370.00, and awarded this $28,000.00 to the Trustee as a payment of such commissions.

The IRS objected to the award of such commissions, and filed its Motion for Reconsideration as already discussed. On July 2, 1990, the bankruptcy court denied the Motion for Reconsideration, noting that

---

**2.** In that Memorandum Decision, the bankruptcy court also refused to approve the employment of Chanin as counsel for the Bankrupt in the antitrust action (citing conflict of interest problems), and approved the continued operation of the Bankrupt for the relevant period nunc pro tunc June 1978 notwithstanding the case was formally titled a Chapter VII proceeding throughout its pendency.

the motion had raised nothing new, and that the award of commissions was amply justified based on the time sheets and information provided in the fee applications for the period from 1978 to 1985. Those fee applications—which sought fees in excess of $28,000.00—had been denied because Chanin was not authorized to act as counsel to the Trustee during that period. The bankruptcy court found that they did, however, provide documentation detailing Chanin's work for the estate sufficient to support its award of commissions.

B. *Issue Presented*

The issue raised on appeal is whether it was an abuse of discretion for the bankruptcy court to make this award of commissions when the Trustee made no attempt to file or substantiate an application for commissions as distinct from his applications for attorney fees.

C. *Legal Discussion*

 Upon review of the record, there can be little question that the Trustee did not exercise the care that he could have and should have regarding his compensation in this case. This court will not condone or approve of the lax approach taken to the payment of his own compensation—*in advance* of court approval—or his casual conflation of his role as trustee with the role of counsel to the trustee. The payment of commissions to the trustee in the absence of specific documentation and application seeking the same is a liberal exercise of discretion on the part of the bankruptcy court.

 It is, however, not this court's prerogative to exercise its own discretion in the matter, or to second-guess the bankruptcy court in its exercise of discretion. Rather, this court's only role is to determine whether the bankruptcy court actually *abused* its discretion in the award of trustee compensation:

> [W]e recognize that the district judge in passing on claims for compensation for services in bankruptcy proceedings has a broad discretion and the appellate courts will not interfere with his awards in the absence of a clear abuse of discretion or an erroneous application of the law.

*York International Building, Inc. v. Chaney,* 527 F.2d 1061 (9th Cir.1975). The record does not support a finding of such "clear abuse."

Nothing in the record indicates that the Trustee ever acted except in the best interests of the estate. No one has argued that his time and efforts on the estate's behalf were wasteful or unproductive. The Trustee's failings consist only in his failure to obtain timely formal approval to act as counsel before receiving compensation, and in his failure to separately account for services performed *as trustee* as distinguished from services performed *as counsel to the trustee.* Because the services are ultimately compensable however they are characterized, this failure to maintain proper accounting does not in any way prejudice or harm the estate itself. Moreover, the bankruptcy court reviewed detailed time sheets documenting the services actually performed for the estate, and found that they provided an ample basis for the award of commissions actually made. Accordingly, it is well within the discretion of the bankruptcy court—a court of equity—to make an appropriate award of compensation notwithstanding the Trustee's failure to observe the formalities normally required.

The judgment of the bankruptcy court of August 30, 1989 and the Order Denying Motion to Reconsider are AFFIRMED.

IT IS SO ORDERED.