## In re FRANKLIN MORTGAGE & INVESTMENT CO., INC., Debtor.

**Bankruptcy No. 92–00015.**

United States Bankruptcy Court, District of Columbia.

Sept. 14, 1992.

See also 143 B.R. 295.

Nelson Deckelbaum, Washington, D.C., Thomas D. DeCarlo, Palm Beach, Fla., for debtor.

### DECISION RE SUPPLEMENTAL MOTION FOR CONTEMPT

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The court will deny the debtor's request for a ruling that the DeMarios' and their counsel's foreclosure efforts taken within ten days of dismissal of this case violated the automatic stay of 11 U.S.C. § 362(a).

Dismissal of the case revested the property of the estate in the debtor. 11 U.S.C. § 349(b)(3). The dismissal thus automatically terminated the automatic stay. 11 U.S.C. § 362(c). Nothing in the language of § 362(c) suggests that the automatic stay of § 362(a) continues in effect for any period beyond the time of entry of the order of dismissal. However, F.R.Bankr.P. 9014 and F.R.Bankr.P. 7062 generally make F.R.Civ.P. 62(a) applicable to a judgment entered in a contested matter such as the motion to dismiss granted here. Rule 62(a) provides, with exceptions, that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." The court concludes that an order of dismissal falls within exceptions to the ten-day stay rule.

First, by virtue of § 362(c), the dismissal automatically terminated the automatic stay and was, therefore, functionally an order granting relief from the automatic stay. Rule 7062 states that an order granting relief from the automatic stay is not subject to the ten-day stay imposed by F.R.Civ.P. 62(a).

Moreover, the bankruptcy case itself is in the nature of an action for an injunction: the commencement of the case gives rise to the automatic stay. The dismissal of the case is thus the equivalent of a "final judgment in an action for an injunction," one of the exceptions to the 10–day stay rule of Rule 62(a). In short, treating the order of dismissal which terminates the automatic stay as excepted from the 10–day stay rule comports with the result that occurs in injunction suits in the district court when a final judgment denies an injunction and vacates any earlier preliminary injunction.

Similarly, Rule 62(a) excepts "an interlocutory or final judgment ... in a receivership action." The Bankruptcy Code does not authorize receivers, but the case is analogous to a receivership action. Again, the spirit of Rule 62(a) clearly contemplates

that dismissal of the case, at least with respect to the automatic stay, ought to have immediate effect.