**In re Tonette Lloyddean RIVERA, Debtor.**

**No. 00–12352–MAM–13.**

United States Bankruptcy Court, S.D. Alabama.

Jan. 31, 2001.

Robert R. Blair, Selma, AL, for Debtor.

Patrick Flynn & Eric Breithaupt, Birmingham, AL, for Nissan Motor Acceptance Corporation.

## ORDER DENYING DEBTOR'S MOTION TO HOLD NISSAN MOTOR ACCEPTANCE CORPORATION IN CONTEMPT AND GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on the motion of the debtor, Tonette Rivera, to hold Nissan Motor Acceptance Corporation (Nissan) in contempt and Nissan's motion to dismiss the contempt motion for failure to state a claim. This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the debtor's motion to hold Nissan in contempt and is granting Nissan's motion to dismiss the contempt motion for failure to state a claim.

## FACTS

Tonette Rivera filed her chapter 13 case on June 16, 2000. The trustee filed a motion to dismiss the case which was granted on December 12, 2000. A motion to reinstate the case was filed on December 20, 2000 and the case was reinstated on January 18, 2001.[1] In the period between the dismissal and the reinstatement, Nissan repossessed Ms. Rivera's auto.

Nissan knew of the chapter 13 filing and the confirmation of the debtor's plan on September 8, 2000. Nissan also was informed that the debtor had filed a motion to reinstate the case, but Nissan has re-

---

1. The hearing on reinstatement was held on January 18, *2001*. The Court orally granted the motion at the hearing. The actual order was not entered until January 22, *2001*. This gap is not significant in this case. It was in another Alabama case, *In re Nail*, 195 B.R. 922 (Bankr.N.D.Ala.1996), with which this Court agrees.

fused to return the car. Nissan has served a Notice of Intent to Dispose of the Vehicle on Ms. Rivera. It indicated that the disposal would occur on January 10, *2001*. Nissan's counsel agreed to hold the vehicle until this ruling.

The debtor's dismissal was due to a payment problem caused by her employer, not by a willful failure to pay by the debtor.

## LAW

■ The law as to the status of a dismissed case is "almost unanimous" that an order dismissing a case is not stayed pursuant to Fed. R. Bankr.P. 7062. *In re Frank,* 254 B.R. 368, 374 (Bankr.S.D.Tex. 2000). An Eleventh Circuit Court of Appeals case, *In re .Lashley,* 825 F.2d 362 (11th Cir.1987), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013, *reh'g denied,* 485 U.S. 1016, 108 S.Ct. 1493, 99 L.Ed.2d 720 (1988), held that a dismissal order was effective immediately without the entry of a stay pending appeal. The same reasoning would apply to a reinstatement.

This case is not like the case of *In re Nail,* 195 B.R. 922 (Bankr.N.D.Ala.1996). In that case, Judge Cohen ruled that an order reinstating a case was effective when the order was orally granted in court even though the written order was not entered until several months later. In the time between the oral ruling and the entry of the written order, a creditor foreclosed upon the debtor's house. The Court concluded that the foreclosure was void. In this case, no order of reinstatement was entered until after the repossession.

■ Debtors, based upon this ruling, must request expedited relief on motions to reinstate in order to protect against repossessions, foreclosures, garnishments, executions, and other state law collection remedies. There is no protection to a debtor once a case is dismissed.

THEREFORE IT IS ORDERED that the debtor's motion to hold Nissan Motor Acceptance Corporation in contempt is DENIED and the motion of Nissan Motor Acceptance Corporation for dismissal for failure to state a claim is GRANTED.