**In re Anissa J. HILL, Debtor.**

No. 00–19885–8G3.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 4, 2003.

Gary L. Butler, Esquire, Juanita S. Shepherd, Esquire, Verona Law Group, P.A., St. Petersburg, FL, for Debtor.

Wendy J. Wasserman, Esquire, Law Offices of David J. Stern, P.A., Plantation, FL, for Creditor, First Nationwide Mortgage Corporation.

## ORDER ON FIRST NATIONWIDE MORTGAGE CORPORATION'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF ORDER DATED OCTOBER 16, 2002 DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND GRANTING ADEQUATE PROTECTION

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing on First Nationwide Mortgage Corporation's Motion for Reconsideration and/or Clarification of the Order Dated October 16, 2002 Denying Motion for Relief from the Automatic Stay and Granting Adequate Protection.

### Background

1. On December 27, 2000, the Debtor, Anissa J. Hill, filed a Chapter 13 petition.[1]

---

1. This case is the Debtor's second Chapter 13 case. Her first Chapter 13 case had been filed on October 30, 1998, and dismissed on July 27, 1999, for failure to make pre-confirmation payments to the Chapter 13 Trustee.

2. The Debtor became delinquent in the pre-confirmation payments to the Chapter 13 Trustee, and on August 22, 2001, the Court entered an order requiring the debtor to show cause why the case should not be dismissed. After hearing, the Court entered an order on September 27, 2001, providing a period within which the Debtor could cure the delinquency, and requiring her to remain current with payments to the Trustee. As is regular practice with the Courts in this Division, the Order further provided that if the Debtor became more than 30 days delinquent to the Trustee, the case would be dismissed.

3. On November 13, 2001, the Court entered an Order confirming the Chapter 13 plan.[2]

4. On December 20, 2001, upon the motion of the mortgagee of her homestead mortgage, First Nationwide Mortgage Corporation (First Nationwide), because the Debtor had become delinquent in the regular payments due pursuant to the mortgage note, an order was entered providing that the Debtor must cure the post-petition delinquency by an increase in the regular payments, and make the future payments timely. For this motion, First Nationwide was represented by Echevarria & Associates, P.A.

5. The Debtor again became delinquent in payments to the Chapter 13 Trustee, and on May 14, 2002, the Court entered an Order dismissing the case. The dismissal order contained the following standard provision: "The effective date of this Order is delayed 10 days to permit the Debtor(s) to convert this case to another chapter under the Bankruptcy Code if the Debtor(s) wish to do so."

6. On May 24, 2002, the Debtor filed a Motion to Vacate Order Dismissing Chapter 13 Case. In the motion, the Debtor states that on May 22, 2002, she sent a money order to the Trustee to cure the delinquency. The Certificate of Service attached to this motion shows that the motion was served only on the Chapter 13 Trustee. The Court set a hearing on this motion for July 18, 2002. Since notice of the hearing on the motion was served by the Clerk of the Court on those parties who were served with the motion, the record does not show that First Nationwide was served with either the motion or notice of the hearing.

7. The attorneys representing First Nationwide in a foreclosure action in the State Court, Law Offices of David J. Stern, P.A., filed a motion in the State Court to reset the foreclosure sale. The foreclosure sale was set for July 9, 2002. On July 9, 2002, a hearing was held in the State Court on the Defendant's (the Debtor's) motion to vacate the order setting the foreclosure sale, and an order was entered on that date which provided as follows:

> ORDERED AND ADJUDGED that the Defendant's Motion to Vacate Order Granting Plaintiff's Ex Parte Motion to Reset Foreclosure Sale is hereby provisionally denied pending the outcome of the Reconsideration Hearing set in bankruptcy court on July 18, 2002. The sale set for July 9, 2002 will go forward.

The foreclosure sale took place on July 9, 2002, and a Certificate of Sale was filed by the Clerk of the State Court on July 9, 2002.

8. On July 18, 2002, a hearing was held in this Court on the Debtor's motion to vacate the order dismissing the case. Only the Debtor and the Chapter 13 Trus-

---

**2.** The Debtor's plan proposed to cure the pre-petition delinquencies in her homestead mortgage payments over a period of 60 months.

On June 13, 2001, the mortgagee, First Nationwide Mortgage Corporation, filed a consent to this extended cure.

tee appeared at the hearing. Since the Debtor had not sent the money order to the Trustee until after entry of the order dismissing the case, the case had been properly dismissed. However, since the Debtor had cured her delinquency to the Trustee and there was no opposition to the motion, the Court granted the motion. Following the hearing, on July 18, 2002, an order was entered which granted the Debtor's motion and vacated the order dismissing the case.

9. Following entry of the order vacating the order dismissing this case, the Debtor filed with the State Court a motion to vacate the foreclosure sale. On September 4, 2002, an order was entered by the State Court providing that both the creditor's motion to reset the foreclosure sale, and the Debtor's motion to vacate the foreclosure sale, would be continued until "Bankruptcy Court considers a Motion for Relief from Stay by Plaintiff."

10. On September 6, 2002, an Affidavit of Default was filed on behalf of First Nationwide by Echevarria & Associates, P.A. in the Debtor's bankruptcy case, based on the provisions of the adequate protection order previously entered (the December 20, 2001, order described above). An Ex Parte Order Terminating Stay as to First Nationwide was entered on September 12, 2002.

11. Also, on September 12, 2002, a Notice of Appearance was filed in the Bankruptcy case by Wendy J. Wasserman, Esq., Law Offices of David J. Stern, P.A., on behalf of First Nationwide, and First Nationwide filed another Motion for Relief From the Automatic Stay. This motion for relief from stay was set for preliminary hearing on October 10, 2002. At that hearing, which was not attended by either Law Offices of David J. Stern, P.A. or Echevarria & Associates, P.A., but rather by local counsel on behalf of Law Offices of

David J. Stern, P.A., no mention was made of the order of September 12, 2002, terminating the automatic stay, and adequate protection was granted for First Nationwide. An Order Denying Motion of First Nationwide Mortgage Corp. for Relief From Automatic Stay and Granting Adequate Protection was entered on October 16, 2002.

12. On October 28, 2002, the motion under consideration, First Nationwide Mortgage Corporation's Motion for Reconsideration and/or Clarification of Order Dated October 16, 2002 Denying Motion for Relief From the Automatic Stay and Granting Adequate Protection, was filed with the Court. First Nationwide now requests the following relief from this Court:

(1) Reconsidering the October 16, 2002, Order Denying Motion for Relief from Automatic Stay and Granting Adequate Protection;

(2) Determining whether the automatic stay was in effect at the time that the foreclosure sale was held on July 9, 2002, so as to determine the validity of the sale (and in that regard, First Nationwide seeks an order determining that the automatic stay was not in effect at the time of the sale because the Motion to Vacate Dismissal did not reimpose the stay); and

(3) Lifting the automatic stay so that First Nationwide can proceed with the final stages of its foreclosure action.

### Issue

It is apparent from the background set out above that this case has not proceeded smoothly. This is the Debtor's second case, and she has not been able to make all required payments to the Trustee, or to the mortgagee, but she has made efforts. Unfortunately, as happens frequently in Chapter 13 cases, interruptions in a debt-

or's income, or unanticipated expenses, cause the payments to be irregular.

An issue is involved in this case, however, which, when resolved, renders other considerations moot. The critical issue is whether or not a stay was in effect at the time of the foreclosure sale. To determine this, the Court must consider: (1) when the automatic stay of § 362 terminated; (2) whether vacating the order dismissing the case imposed the automatic stay retroactively to the date of the order vacated; and (3) whether the motion to vacate the order dismissing the case stayed the dismissal of the case and thereby extended the automatic stay.

## Discussion

The Order Dismissing Confirmed Chapter 13 Case was entered on May 14, 2002. The order provided that its effective date was delayed ten days to permit the Debtor to convert the case to another chapter under the Bankruptcy Code, if the Debtor wished to do so. The Debtor did not convert her case. On May 24, 2002, the Debtor filed a motion to vacate the order dismissing the case, stating that on May 22, 2002, she had sent a money order to the Trustee to cure the delinquency.

The foreclosure sale was held on July 9, 2002, and the Certificate of Sale was filed by the Clerk of the State Court on that date.

The hearing on the Debtor's motion to vacate the order dismissing the case was held on July 18, 2002, and an order granting the motion was entered on that date.

### 1. The automatic stay terminated upon dismissal of the case.

It should first be noted that a case may be "dismissed" without being "closed." In practically every Chapter 13 case that is dismissed, administrative matters remain that the Chapter 13 Trustee must complete before the case is closed. A Court may dismiss a Chapter 13 case pursuant to § 1307 of the Bankruptcy Code, and some of the effects of dismissal are stated in § 349 of the Bankruptcy Code. Section 350 of the Bankruptcy Code provides that the Court shall close the case after the estate is fully administered. Rule 5009 of the Federal Rules of Bankruptcy Procedure provides a presumption that a case has been fully administered when the trustee has filed a final report and account and a certification that the case has been fully administered.

■ Although a case may remain open after dismissal, the automatic stay of § 362 of the Bankruptcy Code terminates when the case is dismissed. Section 362(c)(2) provides that the automatic stay terminates upon the earlier of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied.

The order dismissing this case was entered on May 14, 2002, and by its terms became effective ten days after it was entered. The effective date of the dismissal was delayed to give the Debtor the opportunity to convert the case to a Chapter 7 case if she wished to do so, but she did not convert the case in that time period. Accordingly, although administrative functions remained for the Trustee following dismissal of the case, the dismissal became effective and the automatic stay terminated ten days after entry of the order.

### 2. Vacating the order dismissing the case does not impose the automatic stay retroactively to the date of the vacated order.

■ Several courts have examined the specific situation where a Chapter 13 case is dismissed and subsequently reinstated after a period of time, and a secured creditor has taken action against a debtor's property during that time period. In *Frank v. Gulf States Finance Company*

*(In re Frank)*, 254 B.R. 368 (Bankr. S.D.Tex.2000), a debtor brought an action for damages when a secured creditor repossessed the debtor's car after her Chapter 13 bankruptcy case was dismissed but prior to its reinstatement. The court rejected the debtor's arguments that the creditor violated the automatic stay. In response to the debtor's argument that when the order of dismissal was vacated, all of its consequences (including termination of the automatic stay) were terminated, the Court held "...that even if a case is reinstated, the automatic stay is not retroactively reinstated with respect to creditor conduct that occurred between the dismissal and the reinstatement." *Id.* at 374.

In *Jennings v. R & R Cars and Trucks (In re Jennings)*, 2001 WL 1806980 at *3 (Bankr.D.S.C.), the bankruptcy court found that "[a]lthough this Court vacated the dismissal of Debtors' Chapter 13 case, this ruling did not retroactively reinstate the automatic stay during the period when the case was dismissed."

In *Johnson v. Countrywide Home Loans (In re Johnson)*, 1999 WL 528653 at *4 (Bankr.W.D.Tenn.), the court determined that "... the debtors' motion to reinstate their chapter 13 case was not effectively granted until entry of the order on September 4, 1998. As a result, there was no active chapter 13 case and no automatic stay at the time of Countrywide's foreclosure sale ..."

In *Nicholson v. Nagel (In re Nagel)*, 245 B.R. 657 (D.Ariz.1999), a bankruptcy court had retroactively reinstated the debtor's bankruptcy case to October 14, 1997, as if the automatic stay had not been terminated, with the original order stating as follows:

IT IS HEREBY ORDERED that the reinstatement of this case as of October 14, 1997 reinstated the automatic stay as of such date and any acts or conduct taken since October 14, 1997 were in violation of the automatic stay pursuant to 11 U.S.C. § 362(a) and are void, including but not limited to the Trustee Sale held on December 2, 1997.

*Id.* at 661, n. 6. The District Court ruled that the bankruptcy court erred in granting the debtor's second motion to reinstate the case retroactively when the case was properly dismissed for failure to file required documents. The District Court reasoned as follows:

A review of the case law provided by the parties and the court's own research reveals *no basis in law for the proposition that the automatic stay continues after dismissal of a case. A retroactive reinstatement of the automatic stay is not consonant with this conclusion. Indeed, the bankruptcy court's retroactive reinstatement of the "automatic stay" is squarely at odds with the plain reading of subsection 362(c)(2)* and Congress' intent that the parties be returned to the *status quo ante.* By "undoing" the return to the *status quo ante* through the retroactive application of the stay, the bankruptcy court engaged in a kind of judicial time travel that cannot be reconciled with the law. This was not a simple matter of a *nunc pro tunc* order accomplishing that which should have been done previously. Rather, the order of April 8, 1998, divested otherwise vested rights from parties previously properly restored to the *status quo ante* pursuant to subsection 362(c)(2).

*Id.* at 662 (Emphasis supplied).

Finally, the Eleventh Circuit Court of Appeals, in *Lashley v. First National Bank of Live Oak (In re Lashley)*, 825 F.2d 362 (11th Cir.1987), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988), *reh'g denied,* 485 U.S. 1016, 108 S.Ct. 1493, 99 L.Ed.2d 720 (1988), consid-

ered a situation where a Chapter 13 case was dismissed, the secured creditor conducted a foreclosure sale, and a motion by the debtors for a stay pending appeal of the order dismissing their case was granted subsequent to the foreclosure sale. The debtors and creditor argued as to whether the bankruptcy court intended to order a stay that was retroactive to the date of dismissal of the debtors' Chapter 13 case. The Eleventh Circuit Court of Appeals concluded:

> Neither party addressed the threshold question which we find dispositive. Whether the bankruptcy court intended its order to apply retroactively is irrelevant if it has no authority to do so. While the Bankruptcy Code grants the bankruptcy court the power to retroactively *grant relief* from a stay, 11 U.S.C. § 362(d); *In re Albany Partners Ltd.*, 749 F.2d 670, 675 (11th Cir.1984), this court is unaware of any authority that grants the bankruptcy court power to retroactively *impose* a stay. In *In re Krueger*, 69 B.R. 845 (Bankr.C.D.Cal. 1987), the bankruptcy court had before it the question of whether a district court's reinstatement order that ostensibly gave retroactive effect to an automatic stay had any effect on a foreclosure sale completed prior to that order and after the bankruptcy court's dismissal order. The court noted:

> > The foreclosure sale proceeded in accordance with California law. There was no violation of the automatic stay because the foreclosure sale took place after [the bankruptcy court's] dismissal order and before [the district court's] reinstatement order. [The district court's] order cannot give retroactive effect to the automatic stay and thereby cause the foreclosure sale to be a violation of the automatic stay. Therefore, the

> > foreclosure sale is not affected by [the district court's] action.

> *Id.* [Footnote omitted]

> When a debtor does not obtain a stay pending appeal of a bankruptcy court or district court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal...The same need to protect the integrity of the judicial sale process also indicates that a bankruptcy court should not be able to retroactively void a foreclosure sale so that a debtor can pursue an appeal.

*Lashley*, 825 F.2d at 364.

The Debtor has cited *France v. Lewis & Coulter, Inc. (In re Lewis & Coulter, Inc.)*, 159 B.R. 188, 191 (Bankr.W.D.Pa.1993), for the proposition that an order reinstating a bankruptcy case, which vacates a dismissal order, should construe the dismissal order as a "nullity ... as though it never had been entered ...." In this situation, a Chapter 11 bankruptcy case had been dismissed for failure to file certain schedules and statements, and during the time period prior to the reinstatement of the bankruptcy case, the claimant accrued vacation pay, and sought to have such compensation paid as an administrative expense in the reinstated case. The debtor argued that the vacation pay accrued as of January 1 of the year in question, and on that date the case was closed. After considering the difference between "reopening" a closed case and "reinstatement" of a dismissed case, the court held that the claimant's vacation pay should be accorded administrative priority status in this bankruptcy case. The court explained its reasoning as follows:

> Rule 60(b) specifically provides that a party may be relieved from a final order "upon such terms as are just." It would be manifestly unjust to reinstate debt-

or's bankruptcy petition as of December 4, 1992 while not according administrative priority status to services rendered after that date which provided an actual and necessary benefit to the bankruptcy estate. To deny claimant's request for vacation pay as an administrative expense would, in light of the unusual circumstances presented in this case, unjustly enrich the bankruptcy estate at the expense of one which provided services that benefitted [sic] the estate.

*Id.* at 191.

*In re Lewis & Coulter* is readily distinguishable from the case before the Court. It did not involve the automatic stay or actions taken effecting the debtor's property during a period of time after the case had been dismissed. The case dealt with the characterization of an employee's compensation that accrued during the period a Chapter 11 business reorganization case stood as dismissed.

In *G.E. Capital Mortgage Services v. Thomas (In re Thomas)*, 194 B.R. 641 (Bankr.D.Ariz.1995), the Court considered the precedential effect of *France v. Lewis & Coulter* on an issue involving the automatic stay and the effect of reinstating a dismissed Chapter 13 case after a foreclosure sale. The Court held that the debtors could not have their dismissed case reinstated as of date they originally filed, thus rendering the trustee's sale [3] a nullity. Considering the applicability of *Lewis & Coulter*, the Court stated: "Although the court exercised its equitable powers to allow an administrative expense for the time period while the case was dismissed, the reasoning is less than clear, and no court has followed its analysis. This Court will not follow the reasoning of *Lewis & Coulter*, if at all relevant to the issues before this Court, in light of the authority which

is on point..." *Id.* at 649, n. 19. As discussed, the strong weight of authority concludes that the dismissal of a case terminates the automatic stay, and the court is without authority to impose the stay retroactively.

The circumstances of the Debtor's case are very similar to the circumstances in *In re Rivera*, 280 B.R. 699 (Bankr.S.D.Ala. 2001). In *Rivera* the debtor filed a motion to reinstate her case eight days after the dismissal was granted. Her case was subsequently reinstated, but during the time period between the dismissal and the reinstatement, the secured creditor repossessed her automobile. Citing *In re Frank*, 254 B.R. 368, 374 (Bankr.S.D.Tex. 2000) and *In re Lashley*, 825 F.2d 362 (11th Cir.1987), the Court determined that an order dismissing a case is not stayed pursuant to Fed. R. Bankr.P. 7062 and that a dismissal order is effective immediately if there is no stay pending appeal.

In *In re Noble*, 2002 WL 31778056 (Bankr.S.D.Tex.2002), the Court discussed the potential difficulties in reinstating a Chapter 13 case following dismissal for failure to make plan payments, including the possibility of resurrecting the automatic stay upon reinstatement. In *Aheong v. Mellon Mortgage Company (In re Aheong)*, 276 B.R. 233, 243 n. 10 (9th Cir.BAP2002), the Bankruptcy Appellate Panel philosophized that "setting aside an order dismissing a bankruptcy case would have potentially enormous, highly disruptive, and unintended consequences," and asked "Would creditors who took action between the time the dismissal order issued and when it was set aside have to move to annul the automatic stay to validate those actions?"

Clearly, according to the strong weight of authority, vacating the order dismissing

---

**3.** The case was in a jurisdiction with deeds of trust rather than mortgages.

the case does not impose or reinstitute or revive the automatic stay retroactively to the date of the vacated order.

### 3. The motion to vacate the order of dismissal did not stay the effectiveness of the order dismissing the case.

Notwithstanding case law from the Eleventh Circuit as well as other courts, a question still arises under the circumstances of this case as to whether the characterization of the Debtor's motion to vacate dismissal of the case would create some type of extension of the automatic stay. First Nationwide contends that the Debtor's counsel filed the motion to vacate pursuant to Federal Rule of Bankruptcy Procedure 9024, and that the motion to vacate does not stay the effectiveness of the order dismissing case pending reconsideration. The Debtor argues that notwithstanding the "typographical error" in the motion to vacate basing the motion on Rule 9024, the motion was based on Federal Rule of Bankruptcy Procedure 9023, which, she argues, should have the effect of staying the order dismissing her Chapter 13 case.

If an interested party wants or needs a review of a ruling from the bankruptcy court, the party has several options. Two of the options are: (1) requesting the court to alter or amend a ruling pursuant to Federal Rule of Civil Procedure 59(e), as made applicable by Federal Rule of Bankruptcy Procedure 9023; or (2) requesting relief from the ruling pursuant to Federal Rule of Civil Procedure 60(b), as made applicable by Federal Rule of Bankruptcy Procedure 9024. For additional explanation of options for review, see *In re Steeley*, 243 B.R. 421, 434 (Bankr.N.D.Ala. 1999).

A motion to vacate an order of dismissal of a bankruptcy case, such as the one filed by the Debtor in this case, has generally been considered as a motion pursuant to Rule 9024. See 15 Collier on Bankruptcy ¶ 9024.05 (2002) *citing In re Chicco*, 23 B.R. 292, 293 (1st Cir. BAP 1982); *Fernandez v. G.E. Capital Mortgage Services, Inc. (In re Fernandez)*, 227 B.R. 174, 177 (9th Cir. BAP 1998), *aff'd* 208 F.3d 220 (9th Cir.2000); *In re Diviney*, 211 B.R. 951, 962 (Bankr.N.D.Okla.1997), *aff'd* 225 B.R. 762 (10th Cir. BAP 1998).

In this case, it appears that the motion was made under Rule 9024. The Debtor did not make the delinquent payment to the Trustee until after the dismissal of the case. Accordingly, the Debtor was not seeking reconsideration of the facts or law underlying the order dismissing the case, because the payment was delinquent and the dismissal was appropriate. The Debtor was seeking relief from the order on equitable grounds, because she had cured the delinquency to the Trustee after the order had been entered.

■ However, a mischaracterization of a 9024 motion by the Debtor in this instance is not controlling. *In re Charley's Tour and Transportation, Inc.*, 133 B.R. 237, 239 (D.Haw.1991), *citing Creative Data Forms v. Pennsylvania Minority Business Development*, 72 B.R. 619, 622 (E.D.Pa.1985), *aff'd without op.*, 800 F.2d 1132 (3d Cir.1986). The Eleventh Circuit Court of Appeals has cited *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.1986)(*en banc*) for the proposition that any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors, is within the scope of rule 59(e) regardless of its label. *United States v. Eastern Air Lines, Inc.*, 792 F.2d 1560, 1562 (11th Cir.1986); *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir.1988). In *Mike v. Glendale Federal Savings & Loan Association (In re Mike)*, 796 F.2d 382 (11th Cir.1986), where the

Debtor filed a "motion for rehearing" within ten days of an order by the bankruptcy court dismissing his case, the Eleventh Circuit concluded that the motion was filed pursuant to Fed. R. Bankr.P. 9023, which would toll the time for appeal pursuant to Fed. R. Bankr.P. 8002(b). *Id.* at 383.[4]

The Court notes that a motion under Rule 9023, and even a motion under Rule 9024 if it is made within ten days after the entry of an order, extends the time for appeal, and the time for appeal then runs from the entry of the order disposing of the last such motion outstanding. See Rule 8002(b), Fed. R. Bankr.P. Accordingly, whether the Debtor's motion is considered a motion under Rule 9023 or 9024, it was made within ten days after entry of the order, and so the time for appeal was extended as provided in Rule 8002(b).

Citing *Creative Data Forms, Inc. v. Pennsylvania Minority Business Development Authority,* 72 B.R. 619, 621 (E.D.Pa. 1985), the Debtor argues that the motion to vacate the order dismissing the case is pursuant to Fed. R. Bankr.P. 9023, and that not only would the time for appeal be extended, but also that the "effectiveness of the entered judgment pending reconsideration" would be stayed, i.e., the case would not be dismissed due to the timeliness of her motion to vacate.

■ However, neither Rule 9023, Rule 9024, nor Rule 8002 stays the effectiveness of the dismissal order. In adversary proceedings, and in non-bankruptcy civil litigation, Rule 62, Fed.R.Civ.P. applies.[5] That rule provides a ten day stay of proceedings to enforce a judgment, and then addresses stays pending the disposition of a motion to alter or amend a judgment, for a new trial, or for relief from a judgment. Effective December 1, 1999, Rule 9014, Fed. R. Bankr.P., was amended to remove the applicability of Rule 7062 to contested matters, and now there is no 10 day stay for orders resulting from contested matters unless such stay is provided by specific rules.[6] *In re Hanson,* 282 B.R. 240, 245–46 (Bankr.D.Colo.2002). Even if a ten day stay had applied, however, a separate order would have been needed to stay the enforcement for more than ten days pending determination of a motion to alter or amend, or for relief from a judgment.[7]

However, prior to the 1999 amendments to the rules, Bankruptcy Courts held that Rule 7062 and the 10 day stay of proceedings to enforce judgments did not apply to dismissals of bankruptcy petitions. See *Fish Market Nominee Corporation v. Pelofsky,* 72 F.3d 4, 7 (1st Cir.1995); *In re De Jesus Saez,* 721 F.2d 848, 851 (1st Cir.1983); *In re Franklin Mortgage & Investment Co., Inc.,* 144 B.R. 194, 195 (Bankr.D.D.C.1992); and *Weston v. Cibula (In re Weston),* 101 B.R. 202, 205 (Bankr. E.D.Cal.1989).

---

**4.** It should also be noted that the Court of Appeals for the Seventh Circuit has instructed courts in that circuit to treat all substantive post-judgment motions filed with ten days of judgment under Federal Rule of Civil Procedure 59, as made applicable by Federal Rule of Bankruptcy Procedure 9023. *In re McAdams,* 2001 WL 34048132 (Bankr.C.D.Ill.); *Covington v. Mitsubishi Motors Credit of America, Inc. (In re Covington),* 1997 WL 33475215 (Bankr.C.D.Ill.).

**5.** Fed.R.Civ.P. 62 is made applicable to adversary proceedings by Fed. R. Bankr.P. 7062.

**6.** See, for example, Rules 3020(e) and 4001(a)(3), Fed. R. Bankr.P., which were added in 1999.

**7.** Pursuant to Rule 62, proceedings to enforce a judgment are stayed for 10 days, but following that an order from the Court is necessary to stay any such proceedings, and such an order may be entered by the Court in its discretion and on such conditions for the security of the adverse party as are proper.

Several cases address the proceedings necessary to obtain the stay of an act following dismissal of a case while a motion to vacate the order of dismissal is pending. The Court in *In re Rivera,* 280 B.R. 699 (Bankr.S.D.Ala.2001) concluded that debtors "...must request expedited relief on motions to reinstate in order to protect against repossessions, foreclosures, garnishments, executions, and other state law collection remedies. There is no protection to a debtor once a case is dismissed." *Rivera* at 701. Also see *Johnson v. Countrywide Home Loans (In re Johnson),* 1999 WL 528653 at *2 (Bankr. W.D.Tenn.)("the debtors' safest course after dismissal of a chapter 13 case would have been to file an adversary proceeding and motion seeking a temporary restraining order to prevent the foreclosure sale from going forward while their reinstatement motion was pending"); *Carver State Bank v. Reddick (In re Reddick),* 1997 WL 33474947 (Bankr.S.D.Ga.)("...while there was a Motion to Reconsider, there had been no action to reimpose the stay pending the hearing on the Motion to Reconsider.")

In *Club Candlewood Associates, L.P. v Home Federal Savings and Loan Association (In re Club Candlewood Associates, L.P.),* 106 B.R. 758 (N.D.Ga.1989), the District Court cited the Eleventh Circuit's decision in *Lashley* for the holding that "...when the bankruptcy court lifts the stay, the debtor does not get a stay pending appeal, and the property is foreclosed on, the appeal is moot." Addressing the debtor's argument that *Lashley* would not apply when a case was dismissed rather than the stay being lifted, the Court opined that "[t]here is no ground for distinguishing this case from those decided by the Eleventh Circuit because this case was dismissed.... There is no principled difference in effect between lifting a stay and dismissing the case." *Id.* at 758.

The Eleventh Circuit case of *Lashley* (*Lashley v. First National Bank of Live Oak (In re Lashley),* 825 F.2d 362 (11th Cir.1987)), as followed by the Court in *Rivera (In re Rivera,* 280 B.R. 699 (Bankr. S.D.Ala.2001)), compels the conclusion that for the purposes of a case dismissal, the entry of the order of dismissal immediately terminates the automatic stay, and that a motion for reconsideration filed pursuant to Rule 9023 does not somehow "stay" the dismissal of the case, and thus extend the automatic stay pursuant to § 362.

A Tax Court case, *Guerra v. Commissioner,* 110 T.C. 271, 1998 WL 161009 (1998), also reviewed the order of dismissal of a bankruptcy case with a timely filed motion pursuant to Fed. R. Bankr.P. 9023, to determine whether the automatic stay continued pending determination of the reinstatement of the bankruptcy case. The Tax Court concluded:

Contrary to respondent's position, we conclude that the bankruptcy court's January 21, 1997 order of dismissal terminated the automatic stay. Under the circumstances, we are not satisfied that petitioner's motion for reconsideration precluded the bankruptcy court's order of dismissal from becoming final insofar as that order served to terminate the automatic stay. Respondent cites no direct authority for the proposition that the filing of petitioner's motion for reconsideration with the bankruptcy court caused the automatic stay to remain in effect.

*Id.* at 276.

Thus, for purposes of the issue before this Court, the automatic stay was not extended through July 9, 2002, when the foreclosure sale of the Debtor's homestead was conducted, by the filing of the Debtor's motion to vacate the order dismissing the case.

### Conclusion

In the Debtor's case, an Order Discharging Order to Show Cause was entered on September 27, 2001, which provided if the Debtor became more than 30 days delinquent to the Chapter 13 Trustee, the case could be dismissed. On May 14, 2002, the Court entered an order dismissing the case, effective ten days after entry to give the Debtor the opportunity to convert the case to a Chapter 7 case. The Debtor did not convert the case, so the case was dismissed and the automatic stay was terminated upon dismissal as provided by § 362(c)(2).

The Debtor filed a motion to vacate the order dismissing the case on May 24, 2002, within ten days of entry of the order dismissing the case, but filing the motion did not stay the dismissal of the case.

The foreclosure sale took place on July 9, 2002.

On July 18, 2002, the Court granted the motion to vacate the order dismissing the case, but vacating the order dismissing the case did not reimpose the automatic stay retroactively to the date of the order vacated.

Accordingly, no stay was in effect at the time of the foreclosure sale and the filing of the Certificate of Sale. "[I]n Florida a residence is sold at a foreclosure sale … at the time that the certificate of sale is filed by the clerk of the state court." *In re Jaar*, 186 B.R. 148, 154 (Bankr.M.D.Fla.1995). Additionally, a mortgagor's right of redemption terminates with the filing of the certificate of sale. Fla. Stat. § 45.0315; *Jaar*, 186 B.R. at 153. Because of this, "the Debtor is not able to cure and reinstate or redeem her mortgage through her Chapter 13 Plan." *Id.* at 155.

For the reasons stated above, it is appropriate to grant the motion of First Nationwide Mortgage Corporation, and terminate the automatic stay so First Nationwide may proceed with its *in rem* State Court remedies.

Accordingly;

**IT IS ORDERED** that:

1. The Motion for Reconsideration and/or Clarification of Order Dated October 16, 2002 Denying Motion for Relief From the Automatic Stay and Granting Adequate Protection is granted.

2. The automatic stay provided the Debtor as to her homestead property pursuant to 11 U.S.C. § 362 is terminated, and First Nationwide Mortgage Corporation may pursue its *in rem* remedies.