**In re Dennis R. and Christine SEARCY, Debtors.**

**No. 5:03BK75531.**

United States Bankruptcy Court, W.D. Arkansas, Fayetteville Division.

Aug. 23, 2004.

---

Jack L. Martin, for the debtors.

J. Benton Dyke, Jr., for Wells Fargo.

Joyce B. Babin, Chapter 13 Trustee.

## ORDER

RICHARD D. TAYLOR, Bankruptcy Judge.

On August 20, 2003, Dennis and Christine Searcy filed a voluntary petition for relief under chapter 13 of the bankruptcy code. The case was subsequently dismissed on December 19, 2003, and reinstated on March 26, 2004. While the case was dismissed, Wells Fargo Home Mortgage, Inc. [Wells Fargo] sold the debtors' real property, which included the debtors' home, at a nonjudicial foreclosure sale. On April 30, 2004, Wells Fargo filed a motion for relief from the automatic stay to proceed in state court to obtain possession of the real property. On June 9, 2004, the debtors filed an Objection to Order Granting Relief From Automatic Stay and Motion to Set Aside Nonjudicial Foreclosure Sale. The Court heard the debtors' objection and motion to set aside the foreclosure sale on July 20, 2004, and took the matter under advisement. For the reasons stated below, the Court denies the debtors' motion to set aside the foreclosure sale, and grants Wells Fargo's motion for relief from stay.

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

The parties stipulated to the following facts:

1. Debtors filed Chapter 13 bankruptcy on August 20, 2003.

2. Debtor's case was dismissed, on a motion by Arkansas Department of Finance and Administration (ADF & A), for failure to provide ADF & A with documents relating to filing requirements within the time imposed upon Debtors by an Order of October 14, 2003.

3. Debtors filed a Motion to Reinstate on February 27, 2004, along with a Notice of Opportunity to Object to said Motion, giving interested parties, including Wells Fargo, twenty (20) days to object.

4. The twenty (20) days to object ended on March 18, 2004.

5. Creditor, Wells Fargo, held a nonjudicial foreclosure sale on March 22, 2004. Creditor did not inform Debtor's counsel in the bankruptcy case of the foreclosure sale, although certified letters containing notice of the foreclosure sale to each of the

debtors were signed for on February 2, 2004.

6. Debtor's bankruptcy case was reinstated pursuant to an Order entered March 26, 2004.

Additionally, on April 30, 2004, Wells Fargo filed a motion for relief from stay to obtain possession of the real property from the debtors. Although Wells Fargo announced to the Court that the parties had agreed to the granting of the relief from stay, an order was never submitted to the Court. On June 9, 2004, the debtors filed their Objection to Order Granting Relief From Automatic Stay and Motion to Set Aside Nonjudicial Foreclosure Sale.

The issue before the Court is whether Wells Fargo's March 22, 2004, nonjudicial foreclosure sale should be set aside based on the reinstatement of the debtors' bankruptcy case on March 26, 2004. The debtors make three arguments in support of their objection and motion. First, they ask the Court to treat their earlier motion to reinstate as a motion to set aside the order of dismissal, and then apply the automatic stay retroactively to either the date of the original filing, the entry of the order of dismissal, or the filing of the motion to reinstate. Second, they ask the Court to amend its March 26, 2004, order reinstating the case to an order *nunc pro tunc* reinstating the case to the date the time for objections expired and the case could have been reinstated. Finally, they ask the Court to set aside the foreclosure sale based on equity. Wells Fargo argues that the automatic stay became effective upon reinstatement of the case and cannot be retroactively applied. It also argues that the amendment of the Court's order reinstating the case to an order *nunc pro tunc* is not appropriate in these circumstances, and that because there were no deficiencies in the foreclosure sale, the Court should not use its equitable powers to set aside the sale.

■ This case was dismissed on December 19, 2003. On February 27, 2004, the debtors filed a motion to reinstate the case, which was granted on March 26, 2004. Now, the debtors are asking the Court to treat their motion to reinstate as a motion to set aside the order of dismissal and reinstate the automatic stay. The term reinstatement is commonly used by practitioners after a case has been dismissed but before the case has closed. Because reinstatement of a case is not recognized in the bankruptcy code or rules, the only effect a motion to reinstate can have in a case is to vacate the order of dismissal, otherwise there would be no case to reinstate. *Diviney v. Nations-Bank of Texas (In re Diviney)*, 211 B.R. 951, 962 (Bankr.N.D.Okla.1997). A motion to vacate the dismissal order is properly brought under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. Under Rule 9024(b)(6), a court can grant relief from an order dismissing a case for any reason justifying such relief. This Court granted such relief on March 26, 2004, when the case was reinstated.

■ Related to the reinstatement of the case, the debtors are asking the Court to apply the automatic stay retroactively to either the date of the entry of the order of dismissal, or the filing of the motion to reinstate. This relief is not available to the debtors. The bankruptcy code provides that the automatic stay of an act against property of the estate continues until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1). Upon dismissal of a case, property of the estate revests in the entity in which such property was vested immediately before the case commenced, and is no longer property of the estate. 11 U.S.C. § 349(b)(3). Like-

wise, the automatic stay of an act against the debtor or property of the debtor continues until the earlier of the time the case is closed, dismissed, or a discharge is granted or denied. 11 U.S.C. § 362(c)(2). Therefore, when this case was dismissed, the automatic stay was terminated. When a case is reinstated, the automatic stay is also reinstated. However, reinstating the case does not retroactively reinstate the automatic stay during the period of time the case was dismissed with respect to creditor conduct that occurred between the dismissal and the reinstatement. *See In re Hill*, 305 B.R. 100, 104–06 (Bankr. M.D.Fla.2003) (citing numerous cases in support). Although the bankruptcy code permits the court to retroactively grant a relief from stay by annulling the stay, there is no authority that permits the court to retroactively impose a stay. *Id.* at 106.

This does not mean the debtors were without relief during the period of time their case was dismissed. They could have requested expedited relief on their motion to reinstate "in order to protect against repossessions, foreclosures, garnishments, executions, and other state law collection remedies." *In re Rivera*, 280 B.R. 699, 701 (Bankr.S.D.Ala.2001). Additionally, they could have filed an adversary proceeding and requested a temporary restraining order to prevent the foreclosure sale from going forward while their motion to reinstate was pending. *In re Johnson*, 1999 WL 528653, at *2 (Bankr.W.D.Tenn. July 16, 1999). Instead, they took no action, even though they admit they had notice of the pending foreclosure sale.

▮▮▮ The debtors have also asked the Court to amend its March 26, 2004, order reinstating the case to an order *nunc pro tunc* reinstating the case to the date the time for objections expired, approximately four days prior to the foreclosure sale.

This Court has the inherent power to enter orders *nunc pro tunc*, but not for the reasons presented in this case. Generally, the purpose of a *nunc pro tunc* order is to memorialize an action taken by the court, but not properly or adequately recorded. *Cairns v. Richardson*, 457 F.2d 1145, 1149 (10th Cir.1972); *see also Matthies v. Railroad Ret. Bd.*, 341 F.2d 243, 246 (8th Cir. 1965) (stating purpose of *nunc pro tunc* order is to show previous unrecorded acts that ought to have been shown at that time). It is not the purpose of a *nunc pro tunc* order to alter the judgment actually rendered. *Cairns*, 457 F.2d at 1149. In this case, the Court entered its order reinstating the case on March 26, 2004. The debtors were responsible for submitting a proposed order to the Court after the notice period to object had run. Although the order could have been entered on or about March 18, 2004, the debtors did not submit a proposed order to the Court until one week later, four days after the foreclosure sale had taken place. The Court does not have the power to modify its original order under the guise of an order *nunc pro tunc.*

▮▮▮ Finally, the debtors ask the Court to set aside the foreclosure decree based on equity. The bankruptcy court is a court of law and equity and may exercise its equitable powers in bankruptcy. *In re Marlar*, 267 F.3d 749, 756 (8th Cir.2001). In this case, the automatic stay terminated as an operation of law when the case was dismissed. Wells Fargo followed its state law remedies and held a foreclosure sale. If the debtors believe Wells Fargo somehow failed to follow the requirements for foreclosure under state law, the debtors can pursue a cause of action in the state court. This Court knows of no principal of law or equity that sanctions setting aside the foreclosure sale in this instance. Even though equity follows the spirit of the law

rather than the strict letter of the law, *Carter v. Bogden,* 13 F.2d 90, 92 (8th Cir. 1926), the failure of the debtors to act is insufficient reason for this Court to set aside the foreclosure sale based on equity.

 Wells Fargo has a pending motion for relief from stay that was filed on April 30, 2004. Although the motion was announced to the Court as being granted, the debtors are now objecting to the relief being granted. Because the Court finds that the subject property is no longer property of the estate, the Court sua sponte grants Wells Fargo's relief from stay so Wells Fargo can proceed in state court to obtain possession of the real property.

IT IS SO ORDERED.