# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1162
Lower Tribunal No. 16-13956
_____

**Coastwide Services, LLC,**
Appellant,

vs.

**Carolyn Goldberg,**
Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Robert C. Meyer, for appellant.

Jerome L. Tepps and William A. Treco (Sunrise), for appellee.

Before SUAREZ, SALTER and LOGUE, JJ.

SALTER, J.

Coastwide Services, LLC ("Coastwide"), defendant and mortgagor in a circuit court foreclosure action, appeals orders denying its right to exercise its

statutory right of redemption (section 45.0315, Florida Statutes (2016)).[1] The mortgagee and plaintiff below, Carolyn Goldberg, and Best Investment, LLC ("Best Investment"), a third-party purchaser at the foreclosure sale conducted by the circuit court Clerk, opposed Coastwide's efforts to redeem.

We affirm in part, and reverse and remand the orders in part, based on the plain language of the redemption statute and the tangled procedural occurrences at and after the foreclosure sale. The pertinent events were:

1. The final judgment of foreclosure specified that the encumbered property would be sold by electronic sale beginning at 9:00 a.m. on February 15, 2017. The trial court denied a last-ditch motion by Coastwide to reschedule the sale earlier that morning.

---

[1] **§ 45.0315.** Right of Redemption.

At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

2.  The sale records report that the property was sold to Best Investment for $140,300.00 at 10:08 a.m. on that date.  The final judgment amount in favor of Ms. Goldberg was $82,164.08.

3.  At 10:09 a.m. on the same date, a co-owner of the encumbered property, Blackstone Capital Strategies ("Blackstone"), filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Florida.  On February 23, 2017, Blackstone filed an objection to the foreclosure sale of the property to Best Investment based on the Blackstone bankruptcy filing, alleging that the bankruptcy filing occurred prior to the conclusion of the electronic sale.

4.  The bankruptcy filing was irregular (Blackstone was a corporation and the petition, completed in handwriting, was filed by a non-lawyer agent of Blackstone) and the petition was later determined by the Bankruptcy Court to have been filed in bad faith.  In the order ultimately dismissing and closing the Blackstone case, the Bankruptcy Court vacated the automatic stay, 11 U.S.C. § 362, nunc pro tunc to the date the petition was filed.  In effect, this rendered the bankruptcy a nullity insofar as the foreclosure action was concerned.

5.  Meanwhile, the Clerk of Court did not issue the certificate of sale of the property to Best Investment, presumably because the Clerk had been made aware of the Blackstone bankruptcy.  Coastwide's officer maintains that he made multiple efforts to vacate the sale and to redeem the property at the Clerk's office.

3

Coastwide's officer filed an objection to the sale and a motion to vacate the sale and certificate of sale on February 24, 2017.

6. The trial court denied these motions and a subsequent motion by Coastwide to exercise the right of redemption. Ms. Goldberg filed motions to ratify the February 15, 2017, foreclosure sale to Best Investment and to award her post-judgment interest and attorney's fees.

The trial court denied the Coastwide motions, ratified the sale, and granted Ms. Goldberg's motion to direct the Clerk to issue the certificates of sale and title. Coastwide appealed, and we stayed the trial court orders pending further order of this Court.

Analysis

Coastwide's co-owner, Blackstone, plainly disrupted the normally-routine foreclosure sale process. The Clerk is alleged to have declined to allow a redemption payment without a court order in light of the bankruptcy stay and other concerns. But when the smoke cleared, (a) Coastwide has not yet demonstrated a true "tender" of the redemption amount computed in accordance with the final judgment of foreclosure, and (b) no certificate of sale has been "filed" within the meaning of section 45.0315. On such a record, the trial court and this Court are presently unable to apply the statute according to its plain meaning.

We thus affirm the trial court's ratification of the foreclosure sale conducted by the Clerk without knowledge of the Blackstone bankruptcy, but we reverse and remand the orders insofar as they deny Coastwide an opportunity to redeem the property before the certificate of sale is actually filed. See De Sousa v. JP Morgan Chase, N.A., 170 So. 3d 928, 931 (Fla. 4th DCA 2015); In re Hill, 305 B.R. 100, 111 (Bankr. M.D. Fla. 2003). On remand, the parties may file further motions to: (1) compute the adjusted redemption amount (awarding post-judgment interest and, to the extent applicable, Ms. Goldberg's attorney's fees and costs incurred as a result of the delays and proceedings following the sale), and (2) direct the Clerk to issue and file the certificate of sale to Best Investment if the adjusted redemption amount has not been paid to the Clerk within ten days after the order fixing the adjusted redemption amount has been entered.[2] We vacate our order granting Coastwide's emergency motion for stay pending appeal entered June 8, 2017.

Affirmed in part; reversed and remanded for further proceedings in accordance with this opinion.

---

[2] If the adjusted redemption amount is not timely paid, the certificate of title will also follow as provided by section 45.031(5), Florida Statutes (2016).