MEMORANDUM **
Franklin Ivan Mixon appeals pro se from the Bankruptcy Appellate Panel’s (“BAP”) decision affirming the bankruptcy court’s order denying his motion to reconsider. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo. Smith v. Pac. Props. & Dev. Corp., 358 F.3d 1097, 1100 (9th Cir.2004). We may affirm on any basis supported by the record. Dittman v. California, 191 F.3d 1020, 1027 n. 3 (9th Cir.1999). We affirm.
The BAP properly concluded that the bankruptcy court did not abuse its discretion when it denied the motion to reconsid *169 er because an automatic stay does not necessarily reinstate retroactively upon the vacation of a dismissal. See Sewell v. MGF Funding, Inc. (In re Sewell), 345 B.R. 174, 180 (9th Cir. BAP 2006).
Mixon’s contentions that he was denied due process lack merit. The record supports the bankruptcy court’s finding that Mixon and his attorney were properly served with the trustee’s motion to dismiss. Moreover, as a contested matter, the dismissal was not subject to the 10-day stay prescribed by Rule 62(a) of the Federal Rules of Civil Procedure and incorporated by Rule 7062 of the Federal Rules of Bankruptcy Procedure. See Fed. R. Bank. P. 9014; see also Ewell v. Diebert (In re Ewell), 958 F.2d 276, 279 (9th Cir.1992).
Before the BAP Mixon failed to challenge the bankruptcy court’s abstention from addressing the validity of the foreclosure sale or the bankruptcy court’s finding that Twin Assets was not required to seek relief from the automatic stay, and therefore waived these arguments. See Burnett v. Resurgent Capital Servs. (In re Burnett), 435 F.3d 971, 975-76 (9th Cir.2006) (stating that, absent exceptional circumstances, issues not raised before the BAP are waived).
Mixon’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.