**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                          )   BAP No. NC-13-1508-JuKuD
                                )
SIMONE ST. CLARE,               )   Bk. No. NC-12-47701-MEH
                                )
                Debtor.         )
_____ )
                                )
SIMONE ST. CLARE,               )
                                )
                Appellant,      )
                                )
v.                              )   M E M O R A N D U M[*]
                                )
THE BANK OF NEW YORK MELLON     )
FKA THE BANK OF NEW YORK, AS    )
TRUSTEE FOR THE CERTIFICATE-    )
HOLDERS OF THE CWALT, INC.,     )
ALTERNATIVE LOAN TRUST 2007-    )
0A4 MORTGAGE PASS-THROUGH       )
CERTIFICATES, SERIES 2007-0A4;  )
UNITED STATES TRUSTEE; MARTHA   )
G. BRONITSKY, Chapter 13        )
Trustee,                        )
                                )
                Appellees.      )
_____ )

Argued and Submitted on July 24, 2014
at San Francisco, California

Filed - August 19, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable M. Elaine Hammond, Bankruptcy Judge, Presiding
_____

Appearances:    Michael James Yesk, Esq., argued for appellant
                Simone St. Clare; Bernard Kornberg, Esq., of

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Severson & Werson, argued for appellee The Bank of New York Mellon.

_____

Before: JURY, KURTZ, and DUNN, Bankruptcy Judges.

Chapter 7[1] debtor Simone St. Clare objected to proof of claim (POC) 6-1 filed by Bank of America, N.A. (BANA) on behalf of the Bank of New York Mellon (BONY)[2] on the grounds that BANA did not have standing to assert the claim on behalf of BONY and that BONY did not have standing to enforce the note.

BANA filed amended claim 6-2 with a declaration asserting that BANA was the loan servicer for BONY and thus had standing. The bankruptcy court found that the declaration did not provide sufficient evidence to establish the agency relationship between BANA and BONY, thereby leaving enforcement of the note in dispute. To resolve the factual and legal issues asserted, the bankruptcy court entered a scheduling order on September 9, 2013, setting an evidentiary hearing (Scheduling Order) on debtor's claim objection. Debtor moved for reconsideration of the bankruptcy court's decision asserting that the court should instead sustain her objection. The court denied her motion by order entered on September 27, 2013 (Reconsideration Order). On the same date, the bankruptcy court entered an order setting a pre-trial conference (Pre-Trial Conference Order) in advance

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] BONY was fka the Bank of New York, as Trustee for the Certificate-holders of the CWALT, Inc., Alternative Loan Trust 2007-0A4 Mortgage Pass-through Certificates, Series 2007-0A4.

-2-

of the evidentiary hearing.

Debtor's notice of appeal (NOA) states that she is appealing the Scheduling Order, the Reconsideration Order and the Pre-Trial Conference Order. These orders simply set deadlines for the filing of various papers at the bankruptcy court in connection with debtor's objection to claim 6-2 and became final when the bankruptcy court entered an order overruling debtor's objection as moot after she converted her case from chapter 13 to chapter 7. Debtor did not amend her NOA to include this order or any other orders that were entered subsequent to those designated in her NOA and she has made no arguments in her opening brief that relate to the orders on appeal. Accordingly, we AFFIRM.

## I. FACTS

In January 2007, debtor obtained a loan from Countrywide Bank, N.A. in the principal amount of $700,000, which was evidenced by a note and secured by a deed of trust against her property located in Benicia, California (Benicia Property).

Debtor was in default on the loan when she filed her chapter 13 petition pro se on September 18, 2012. In Schedule A she listed the Benicia Property as unencumbered by any secured debt. Debtor listed no secured creditors in Schedule D.

On January 8, 2013, BANA filed claim 6-1 on behalf of BONY asserting a secured claim against the Benicia Property in the total amount of $805,232.85, including arrearages and other charges in the amount of $105,643.82. Attached to the POC was (1) an itemized statement of interest, fees, expenses and charges; (2) a copy of the deed of trust; (3) the note and

-3-

assignment of rents; and (4) and a corrective corporation assignment of deed of trust.

On February 26, 2013, debtor amended her Schedule A to state that the Benicia Property was encumbered by a secured claim in the amount of $715,000. On the same day, she filed an adversary proceeding against BANA, BONY, and others seeking to avoid the lien against the Benicia Property and quiet title (Adv. No. 13-04045). BONY moved to dismiss the complaint on Civil Rule 12(b)(6) grounds. The bankruptcy court granted debtor leave to amend her complaint. Instead of amending her complaint, debtor voluntarily dismissed the adversary proceeding without prejudice on May 29, 2013.

Prior to dismissal of the adversary proceeding, on May 13, 2013, debtor filed an objection to BONY's POC. Debtor argued that the POC did not contain evidence that BANA, as loan servicer, had the right to file the POC on behalf of BONY and that BONY did not have standing to enforce the note. In response, BONY argued that BANA, by virtue of its servicing rights with BONY — the holder of the claim — had standing to file the POC on BONY's behalf. BONY pointed out that the POC did not label BANA as the creditor and copies of the deed of trust and note bearing an endorsement in blank along with the assignment assigning the beneficial interest under the deed of trust to BONY were attached to the POC.

At the first hearing on debtor's objection to BONY's POC, the bankruptcy court sustained debtor' objection on the ground, among others, that BONY had not established that BANA had authority to file the POC on its behalf. Due to the

deficiencies, the court gave BONY time to file an amended POC and continued the hearing to September 5, 2013.

On August 14, 2013, BANA filed an amended POC on behalf of BONY designated as claim 6-2. Attached to the POC was the declaration of Peter Murphy, Assistant Vice President of BANA, who declared that BANA, as servicer for BONY, "has the right to enforce the Note on behalf of Movant."

At the September 5, 2013 hearing, the bankruptcy court found that Murphy's declaration was insufficient evidence to establish the agency relationship between BANA and BONY, thereby leaving enforcement of the note in dispute. To resolve the factual and legal issues asserted, the bankruptcy court entered the Scheduling Order setting an evidentiary hearing for November 5, 2013.

Meanwhile, at a September 12, 2013 hearing on debtor's objection to claim 8-1, also filed by BANA, the bankruptcy court decided that debtor's arguments regarding BANA's standing to enforce the note in claim 8-1 were without merit, overruled her objection, and concluded that BANA's claim 8-1 was secured and allowed in the amount of $1,894,662.21. After allowing BANA's secured claim, the bankruptcy court found debtor's liquidated secured debt was no longer subject to dispute. The court thus concluded that debtor was over the debt limit stated in § 109(e) and no longer eligible for chapter 13 relief. The bankruptcy court stated its intent to dismiss the case within ten days of the hearing unless debtor requested conversion of the case to either chapter 7 or 11 and entered the order (Conversion/Dismissal Order) consistent with its decision.

Debtor moved for reconsideration of this order, which the bankruptcy court denied.

Debtor also moved for reconsideration of the Scheduling Order arguing that the bankruptcy court should instead sustain her objection to POC 6-2 because it was not entitled to prima facie validity. The court denied her motion in the Reconsideration Order entered on September 27, 2013. On the same date, the bankruptcy court entered the Pre-Trial Conference Order setting a pre-trial conference for October 9, 2013, which was continued to October 18, November 11 and, finally to November 25, 2013.

On October 8, 2013, debtor filed a NOA listing the Scheduling Order, the Reconsideration Order and the Pre-Trial Conference Order as the orders appealed from.

On November 7, 2013, debtor voluntarily converted her case from chapter 13 to chapter 7 due to the bankruptcy court's ruling that debtor was no longer eligible for chapter 13 once it allowed secured claim 8-1 filed by BANA in an amount over $1.8 million. See BAP No. 13-1507.

On November 25, 2013, debtor's counsel failed to appear at the pre-trial conference in connection with claim 6-2. On the next day, the bankruptcy court entered an order overruling debtor's objection to claim 6-2 due to lack of prosecution. The order states in pertinent part: "Upon consideration of Debtor's objection, and the pleadings and files in this case, and the failure of Debtor to appear, Debtor's Objection to BONY's proof of claim No. 6-2 is overruled due to lack of prosecution."

Debtor's attorney filed an emergency motion for

-6-

reconsideration, which the bankruptcy court granted by order entered on December 5, 2013. That order stated: "The debtor's Motion is granted. The November 25, 2013 Order Overruling Debtor's Objection to Claim No. 6-2 is hereby voided." The status conference was continued to December 16, 2013.

At the December 16, 2013 status conference, the bankruptcy court overruled debtor's objection to claim 6-2 as moot due to the conversion of debtor's case.

On December 19, 2013, the Panel issued an order stating that the finality issues raised in this appeal were satisfied by the bankruptcy court's December 16, 2013 order finding debtor's objection to claim 6-2 as moot, but noted that if debtor sought to challenge the bankruptcy court's rulings in that order she needed to file an amended NOA. Debtor did not amend her NOA.

Debtor's efforts to obtain a stay pending appeal were denied by both the bankruptcy court and this Panel. The chapter 7 trustee has since filed a report of no distribution and debtor received her discharge on February 12, 2014.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (N) and (O). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Debtor states the issue on appeal is whether the bankruptcy court erred in overruling her objection to BONY's claim 6-2. However, debtor's NOA did not designate any order appealed from which overruled her objection to BONY's claim 6-2. Therefore, we have rephrased the issue to conform to the orders appealed

from: Did the bankruptcy court err by scheduling an evidentiary hearing on debtor's objection to claim 6-2 and denying debtor's motion for reconsideration of that order?

## IV. STANDARDS OF REVIEW

A bankruptcy court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1139 (9th Cir. 2004). A bankruptcy court's denial of a motion for reconsideration is also reviewed for an abuse of discretion. Arrow Elecs., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir. 2000); Sewell v. MGF Funding, Inc. (In re Sewell), 345 B.R. 174, 178 (9th Cir. BAP 2007).

In determining whether the court abused its discretion we first determine de novo whether the trial court identified the correct legal rule to apply to the relief requested and then, if the correct legal standard was applied, we determine whether the court's application of that standard was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." United States v. Loew, 593 F.3d 1136, 1139 (9th Cir. 2010).

## V. DISCUSSION

In her opening brief, debtor states that she is challenging the bankruptcy court's November 25, 2013 order overruling her objection to claim 6-2. However, debtor filed her NOA on October 8, 2013, well before the November 25, 2013 order. Further, she never amended her NOA to include this order or the bankruptcy court's subsequent ruling issued on December 16, 2013, which overruled debtor's objection to claim 6-2 on

-8-

mootness grounds.  As a result, we do not consider matters which were ruled upon in either the November 25 or December 16, 2013 orders.

Moreover, the bankruptcy court entered the November 25, 2013 order overruling debtor's objection because debtor's counsel failed to appear at the hearing.  Subsequently, the bankruptcy court granted debtor's motion for reconsideration of the November 25, 2013 order.  In that order, the court stated that the November 25, 2013 order overruling debtor's objection to claim no. 6-2 "is hereby voided."  Since the bankruptcy court voided the November 25, 2013 order, it follows that even if debtor had appealed from this order there is no decision for us to vacate, reverse, or remand stemming from that order.

Debtor's NOA states that she is appealing the Scheduling Order, the Reconsideration Order and the Pre-Trial Conference Order.  However, she makes no arguments in relation to those orders in her opening brief.  Arguments not specifically and distinctly made in the appellant's opening brief are deemed waived.  Brownfield v. City of Yakima, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010); see also Wilcox v. C.I.R., 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (holding that even pro se litigants must brief arguments on appeal, or they will forfeit them).

## VI.  CONCLUSION

For the reasons stated, we AFFIRM.

-9-