FILED

AUG 19 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. NC-13-1507-JuKuD |
| | ) | |
| SIMONE ST. CLARE, | ) | Bk. No. NC-12-47701-MEH |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SIMONE ST. CLARE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M* |
| | ) | |
| BANK OF AMERICA, N.A.; UNITED | ) | |
| STATES TRUSTEE; MARTHA | ) | |
| BRONITSKY, Chapter 13 Trustee, | ) | |
| | ) | |
| Apellees. | ) | |
| _____ | ) | |

Argued and Submitted on July 24, 2014
at San Francisco, California

Filed - August 19, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable M. Elaine Hammond, Bankruptcy Judge, Presiding.

_____

Appearances:    Michael James Yesk, Esq., argued for appellant
Simone St. Clare; Tami S. Crosby, Esq., of Miles
Bauer, Bergstrom & Winters, LLP, argued for
appellee Bank of America.

_____

Before:  JURY, KURTZ, and DUNN, Bankruptcy Judges.

---

    * This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

-1-

Chapter 7[1] debtor Simone St. Clare appeals from the bankruptcy court's orders (1) overruling her objection to claim 8-1 filed by Bank of America, N.A. (BANA) and (2) denying her motion for reconsideration of that ruling. We AFFIRM.

## I. FACTS

In September 2005, debtor obtained a loan from Countrywide Bank, N.A. in the principal amount of $1,340,000, which was evidenced by a note and secured by a first deed of trust on her property located in Martinez, California (the Martinez Property).

Debtor was in default on the loan when she filed her chapter 13 petition pro se on September 18, 2012. In Schedule A, debtor listed the Martinez Property as unencumbered with no secured debt. Debtor listed no secured creditors in Schedule D.

On February 26, 2013, debtor amended her Schedule A to state that the Martinez Property was encumbered by a secured claim in the amount of $1,865,299. On the same day, debtor filed an adversary proceeding against BANA and others (Adv. No. 13-04044) seeking, among other things, to have the bankruptcy court determine the extent and validity of BANA's lien against the Martinez Property and quiet title. On May 29, 2013, debtor voluntarily dismissed the adversary proceeding without prejudice.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

A few months before, on March 15, 2013, BANA timely filed a proof of claim (POC) designated as claim 8-1, asserting a secured claim against the Martinez Property for amounts due under the note in the total amount of $1,894,662.21, including an arrearage and other charges in the amount of $472,439.20 (representing fifty-two monthly payments for February 15, 2008 through the petition date).

Attached to the POC was (1) an itemized statement of interest, fees, expenses and charges; (2) a copy of the note which contained an endorsement in blank; (3) a copy of the deed of trust dated September 29, 2005; (4) a copy of the assignment of the deed of trust dated April 8, 2011, executed by Mortgage Electronic Registration Systems, Inc. (MERS) in favor of BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP (BAC); and (5) a copy of the certificate of merger filed in the Office of the Secretary of State of Texas on June 28, 2011, evidencing the merger of BAC into BANA. The assignment shows that the deed of trust was assigned to BAC by virtue of an Assignment of Deed of Trust, duly acknowledged on April 8, 2011 and recorded April 15, 2011 as document 2011-0078100-00 in the Contra Costa, County recorder's office. The Certificate of Merger shows that on June 28, 2011, the Secretary of State of Texas issued the certificate merging BAC into BANA, effective July 1, 2011.

On May 16, 2013, debtor filed an objection to the POC. Stripped to its essence, debtor alleged that the POC was not accompanied by any evidence that BANA had authority to bring the claim or standing to enforce the note. BANA filed a response to

-3-

the objection and a supplemental opposition.

At the September 12, 2013 hearing on the matter, the bankruptcy court recited its findings of fact and conclusions of law on the record and overruled debtor's objection. Instead of providing an official or unofficial transcript of the hearing, debtor prepared a summary from the digital audio recording which she included in the record. According to debtor's summary, the bankruptcy court found that BANA's POC complied with Rule 3001: the POC was executed by BANA's attorney and attached to the POC was (1) a copy of the note with endorsement in blank; (2) an itemized statement of interest, fees, expenses and charges as required under Rule 3001(c); and (3) a copy of the deed of trust which was required under Rule 3001(d). The bankruptcy court decided that debtor's arguments regarding BANA's standing to enforce the note were without merit, overruled her objection, and concluded that BANA's POC was secured and allowed in the amount of $1,894,662.21.

After allowing BANA's secured claim, the bankruptcy court found debtor's liquidated secured debt was no longer subject to dispute. The court thus concluded that debtor was over the debt limit stated in § 109(e)[2] and no longer eligible for chapter 13 relief. The bankruptcy court stated its intent to dismiss the case within ten days of the hearing unless debtor requested conversion of the case to either chapter 7 or 11 and entered the

---

[2] Section 109(e) provides that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $382,175 and noncontingent, liquidated, secured debts of less than $1,149,525 . . . may be a debtor under chapter 13 . . . ."

-4-

order (Conversion/Dismissal Order) consistent with its decision.

Debtor timely moved for reconsideration of this order, which the bankruptcy court denied. The court found no new facts and again explained the reasoning for the court's decision. In a nutshell, the court explained that BANA's POC was prima facie valid and debtor's arguments were not of equal probative force. Debtor also requested the court to place in writing its oral findings of fact and conclusions of law made at the September 12, 2013 hearing. The court noted that it had stated its findings of fact and conclusions of law on the record at the September 12, 2013 hearing, and that debtor could request through the clerk's office a transcript of the hearing for her anticipated appeal. The bankruptcy court gave debtor an additional five days to decide whether to convert her case.

Thereafter, debtor filed a timely notice of appeal of the Conversion/Dismissal Order and the order denying her motion for reconsideration. At the same time, debtor also sought a stay from the bankruptcy court. The bankruptcy court denied her request, but gave debtor additional time to seek a stay from the BAP. Debtor filed an Emergency Motion for Stay Pending Appeal with the BAP which was denied on October 25, 2013. Debtor went back to the bankruptcy court to request extension of the temporary stay of the Conversion/Dismissal Order despite the fact that it had already expired. The bankruptcy court granted debtor's request by extending the stay of the Dismissal/ Conversion Order through November 7, 2013.

On November 7, 2013, debtor voluntarily converted her case to chapter 7. Debtor then made numerous attempts to stay entry

of her chapter 7 discharge, all of which either the bankruptcy court or the BAP denied. The chapter 7 trustee has since filed a report of no distribution and debtor received her discharge on February 12, 2014.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). As discussed below, we have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

A. Does debtor have standing to pursue this appeal?

B. Did the bankruptcy court err by overruling debtor's objection to claim 8-1?

## IV. STANDARDS OF REVIEW

Standing and mootness are jurisdictional questions that we review de novo. Palmdale Hill Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011).

The bankruptcy court's decision to allow or deny a POC is reviewed for an abuse of discretion. Bitters v. Networks Elec. Corp. (In re Networks Elec. Corp.), 195 B.R. 92, 96 (9th Cir. BAP 1996). A bankruptcy court's denial of a motion for reconsideration is also reviewed for an abuse of discretion. Arrow Elecs., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir. 2000); Sewell v. MGF Funding, Inc. (In re Sewell), 345 B.R. 174, 178 (9th Cir. BAP 2007). In determining whether the court abused its discretion we first determine de novo whether the trial court identified the correct legal rule to apply to the relief requested and then, if the correct legal

-6-

standard was applied, we determine whether the court's application of that standard was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." United States v. Loew, 593 F.3d 1136, 1139 (9th Cir. 2010).

## V. DISCUSSION

### A. Standing

Due to debtor's voluntary conversion of this case from chapter 13 to chapter 7 while this appeal was pending, BANA contends that debtor does not have standing to pursue to this appeal. "In addition to having standing at the outset, a plaintiff's stake in the litigation must continue throughout the proceedings, including on appeal." Williams v. The Boeing Co., 517 F.3d 1120, 1128 (9th Cir. 2008). Standing is not subject to waiver and must be considered by the court at all stages of litigation. Because this court's jurisdiction is limited, debtor must have standing to continue this appeal.

To have standing to bring this appeal, debtor must demonstrate that she is directly and adversely affected pecuniarily by the order of the bankruptcy court. Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983). The Ninth Circuit has held that "the allowance or disallowance of 'a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.'" Bevan v. Socal Commc'ns Sites, LLC (In re Bevan), 327 F.3d 994, 997 (9th Cir. 2003) (quoting Siegel v. Fed. Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir. 1998)). Because the

-7-

bankruptcy court in a claim objection proceeding makes a substantive ruling that binds the parties in all other proceedings and may finally adjudicate the parties' underlying rights, an affirmance by us could have preclusive effect if the debtor subsequently challenged the validity of claim 8-1 in some other forum. Id. Consequently, if we were to reverse, we would be able to provide the debtor effective relief. See People of Village of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir. 1993) (if there is a present controversy as to which effective relief can be granted, then the appeal is not moot). Accordingly, debtor has standing to pursue this appeal.

**B.    The Merits**

Initially, we mention that our review in this appeal is hampered because there is no official transcript in the record that contains the bankruptcy court's findings of fact and conclusions of law overruling debtor's objection to claim 8-1 at the September 12, 2013 hearing. Although the bankruptcy court told debtor to request an official transcript of that hearing from the Clerk's Office in the context of the reconsideration order, she failed to do so, instead providing her own summary. 28 U.S.C. § 753 provides:

> An official transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had. No transcripts of the proceedings of the court shall be considered as official except those made from the records certified by the reporter or other individual designated to produce the record.

Pursuant to this statute, debtor's summary of the September 12, 2013 hearing cannot be deemed a correct or official statement of

-8-

the testimony taken and proceedings had.  Further, although there is precedent for considering unofficial transcripts under some circumstances, see Gasprom, Inc. v. Fateh (In re Gasprom, Inc.), 500 B.R. 598, 602 at n.4 (9th Cir. BAP 2013), there is no precedent that authorizes us to consider a summary of the hearing transcript prepared by a litigant.  Such summaries are inherently unreliable.  For this reason alone, we may summarily affirm.  See Ehrenberg v. Cal. State Univ., Fullerton Found. (In re Beachport Entm't), 396 F.3d 1083, 1087–88 (9th Cir. 2005); Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1189 (9th Cir. 2003) (failure to provide a critical transcript may result in summary affirmance).

However, even without the required transcript, we may affirm the bankruptcy court's ruling on the merits.  The filing of a proof of claim in a bankruptcy case is authorized by § 501: "A creditor . . . may file a proof of claim." § 501(a).  The requirements of a proof of claim are provided in Rule 3001, which mandates, among other things, that a proof of claim be in writing and conform substantially to the appropriate Official Form 10, be executed by the creditor or the creditor's authorized agent, and, where based on a writing, filed with the original or a duplicate of that writing.  Rule 3001(a)-(c).  "If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest is perfected."  Rule 3001(d).

"A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  Rule 3001(f).  Upon

-9-

objection, the proof of claim provides "some evidence as to its validity and amount" and carries over a "mere formal objection." Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1039 (9th Cir. 2000). The objector must produce sufficient evidence "tending to defeat the claim by probative force equal to that of the allegations in the proofs of claim themselves." Id. "The ultimate burden of persuasion remains at all times upon the claimant." Id. Debtor acknowledges and relies on these principles in this appeal.

Debtor contends that the bankruptcy court clearly erred when it applied an incorrect legal standard in overruling her objection. Specifically, debtor maintains that in "direct contravention" to Rule 3001, claim 8-1 was not "executed by the creditor or the creditor's authorized agent" and no box was checked to indicate the authority to file the POC. Due to this alleged deficiency, debtor argues that claim 8-1 was not entitled to the prima facie validity found by the bankruptcy court.

Contrary to debtor's assertion, the bankruptcy court did not apply the wrong legal standard in finding that BANA's POC was entitled to prima facie validity. First, a POC that substantially complies with Rule 3001 is prima facie valid. Rule 3001(a). Debtor fails to recognize that Ms. Jones signed the POC as "Attorney for Creditor" and BANA is named as the creditor on the face page. Despite the obvious connection between Ms. Jones and BANA, debtor simply argues that Ms. Jones did not check the box that says she was acting as BANA's agent. In addition, the documents attached to the POC detail the

underlying debt. In short, the record shows that the POC was executed and filed in accordance with the Rules and Official Form 10 and was prima facie valid.

The burden then shifted to debtor to present evidence to overcome the prima facie case, In re Lundell, 223 F.3d at 1039, which she did not do. "The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." Id. at 1040. Debtor makes no argument on appeal that her evidence was of sufficient probative weight to overcome the prima facie validity of BANA's POC. Indeed, she does not tell us how the bankruptcy court erred in either its findings of fact or conclusions of law stated at the September 12, 2013 hearing.

Notwithstanding the absence of an official transcript for the September 12, 2013 hearing, the bankruptcy court made several findings and conclusions in its order denying debtor's motion for reconsideration. Debtor does not make any arguments on appeal that the bankruptcy court's factual findings or legal conclusions contained in the reconsideration order were erroneous. Those arguments are deemed waived for purposes of this appeal. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

## VI. CONCLUSION

For the reasons stated, we AFFIRM the bankruptcy court's orders (1) overruling debtor's objection to BANA's POC and (2) denying her motion for reconsideration on the grounds that BANA's POC was prima facie valid and debtor's arguments were not of equal probative force.

-11-